```
                FILED
       CLERK, U.S. DISTRICT COURT

            DEC - 9 2010

       CENTRAL DISTRICT OF CALIFORNIA
       BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY ROSEN,<br><br>    Plaintiff,<br><br>v.<br><br>GLOBAL NET ACCESS, LLC, and DOES 1 through 10,<br><br>    Defendant. | Case No. 2:10cv02721-VBF-E<br><br>**ORDER ON STIPULATION RE PROTECTIVE ORDER** |

IT IS HEREBY ORDERED that the following terms and conditions of this Stipulated Protective Order shall govern the handling of discovery materials in the Action:

## I. DEFINITIONS

A. "Party" means Barry Rosen, Global Net Access, LLC, and any other party that may be joined in this Action.

B. "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

  C. "Material" is defined as documents, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

  D. "Confidential Material" is defined as Material that any Party or Non-Party considers in good faith to be confidential information relating to: trade secrets, research, development, strategic planning, compensation or benefits, financial, commercial, confidential, sensitive, personal and/or business or proprietary information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or impose unnecessary expenses and burdens on other parties) may expose the Designator to sanctions under applicable law.

  E. The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL – RESTRICTED DISTRIBUTION."

## II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

  A. Any Party or Non-Party who produces Material in the course of discovery in this Action may designate such Material as Confidential Material if, and only if, that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in Paragraph I.D.

  B. A Party or Non-Party producing Material that the Party or Non-Party believes in good faith meets the definition of Confidential Material may designate such Material by marking the word "CONFIDENTIAL – RESTRICTED DISTRIBUTION" on the face of each document and each page so designated at the

1 time it is produced or served, or, in the case of Confidential Material contained in or
2 on media other than paper, by affixing such a label to the information or by using
3 its best efforts to identify the information as Confidential Material.
4     C.    Documents may be produced for inspection before being designated as
5 "CONFIDENTIAL – RESTRICTED DISTRIBUTION." Once specific documents
6 have been designated for copying, any documents containing Confidential Material
7 will then be marked with the appropriate legend before being delivered to the
8 requesting Party. There will be no waiver of confidentiality by the inspection of
9 Confidential Material before such Material is copied and designated pursuant to this
10 procedure.
11     D.    In the case of interrogatory answers or admissions, designations shall
12 be made by indicating in a preamble that the answers or admissions contain
13 Confidential Material and that the answers, admissions, or portions thereof that
14 contain Confidential Material have been highlighted. Any answers, admissions, or
15 portions thereof that contain Confidential Material shall then be highlighted.
16     E.    In the case of depositions, designation of the portion of the transcript
17 (including exhibits) which contains Confidential Material shall be made by a
18 statement to such effect on the record at any time before the end of each day of
19 deposition is concluded or by a statement in writing sent to counsel of record within
20 fifteen (15) business days after receipt of the transcript. If the designation is made
21 during a deposition, only persons to whom disclosure of Confidential Material is
22 permitted under Paragraphs III.B., below, shall remain present while such
23 Confidential Material is being used or discussed. The court reporter shall bind the
24 transcript in separate portions containing the non-Confidential Material and
25 Confidential Material. The reporter shall place the appropriate legend set forth in
26 Paragraph II.B., above, on the cover of the confidential portions of the transcript.
27 The Parties may modify this procedure for any particular deposition through written
28 agreement or agreement on the record at such deposition, without further Court

1  order. In the absence of an agreement on the record or in writing to the contrary, all
2  deposition testimony shall be deemed Confidential Material until the expiration of
3  the aforementioned fifteen business days.
4      F.    For purposes of this Action, no Party concedes that any Material
5  designated by any other person as Confidential Material has been properly
6  designated as Confidential Material. A Party shall not be obligated to challenge the
7  propriety of the designation of Material as "CONFIDENTIAL" at the time made,
8  and failure to do so shall not preclude a subsequent challenge in this or any other
9  action. If a Party challenges a designation, it shall give written notice to the
10 Designator, and the parties shall attempt to resolve any challenge in good faith on
11 an informal basis ("meet and confer"). If the challenge cannot be informally
12 resolved, the Party challenging the designation may seek appropriate relief from the
13 Court; however, the burden of proof shall be on the Party claiming confidentiality.
14 The Material shall continue to be treated as designated until the issue relating to the
15 propriety of the designation has been resolved.
16     G.    Any Designator may, at any time, withdraw the "CONFIDENTIAL –
17 RESTRICTED DISTRIBUTION" designation of any Material produced by that
18 Designator.
19     H.    In the event that a Party or Non-Party inadvertently produces
20 Confidential Material without the proper legend, that Party or Non-Party shall
21 notify counsel for the Parties of the omission, and, within seven (7) days of
22 notifying counsel, shall provide counsel for the Parties with new copies bearing the
23 appropriate legend. On receipt of the copy bearing the legend, counsel for the
24 Parties and all other persons who have received undesignated copies of the Material
25 shall return such Material to counsel for the Designator, or destroy such Material
26 and all summaries, copies and other reproductions thereof.
27
28

### III. USE AND HANDLING OF CONFIDENTIAL MATERIAL

A. Confidential Material shall be used only for purposes of preparing for and litigating this Action (including appeals) and not for any other purpose whatsoever, except on written consent of the Designator or by order of the Court.

B. Access to Confidential Material shall be closely controlled and limited to individuals who have a demonstrable and bona fide need to review it. Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. Counsel of record and any other counsel for the Parties in this action, including counsel for insurers for the claims involved in this Action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct and/or management of this action;

2. In-house counsel of any Defendant, and paralegal, clerical, and other employees in said Defendant's legal departments;

3. Current and former employees, officers, members, or directors of Defendants who are assisting in the conduct of this Action;

4. Plaintiffs and Defendant, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

5. The U.S. District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, and court reporters;

6. Deponents in this Action and their counsel for purposes of this Action;

7. Consultants, experts, and outside litigation support personnel retained by counsel for the Parties to this Action to assist the Parties in the preparation and/or litigation of this Action;

8. Any mediator retained by the parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

9. The person or entity that wrote or received the document or gave the testimony designated as "CONFIDENTIAL – RESTRICTED DISTRIBUTION"; and

10. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

C. No person identified in Paragraph III.B., except those persons identified in Paragraphs III.B.5, shall have access to Confidential Material without first having read this Stipulated Protective Order. Before any person described in Paragraphs III.B.4, III.B.7, and III.B.10 is given access to Confidential Material, the person shall agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to be bound by this Stipulated Protective Order. If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose such Confidential Material to any person other than those persons described in Paragraph III.B., above.

D. All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Confidential Material other than as provided for herein.

E. Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph II.B., above, and shall be subject to the terms of this Stipulated Protective Order to the same extent as the information or document from which such summary or copy is made.

F. The parties acknowledge that this Stipulated Protective Order creates no entitlement to file Confidential Material under seal. If any party wishes to file Material under seal with the Court that incorporates or discloses Confidential

1  Material, said party must obtain leave of Court before these documents may be filed
2  under seal. After receiving Court approval, such party shall submit such pleadings
3  and other submissions in the envelopes provided by the Clerk's Office for the filing
4  of documents under seal.
5       G.   Within sixty (60) days after final termination of this Action (including
6  any related proceedings in the U.S. District Court, Court of Appeals, and the
7  Supreme Court of the United States), either by final judgment or appeal (if any), all
8  persons and entities in possession of Confidential Material shall either destroy the
9  information and all copies thereof or return the information and all copies thereof to
10 the Designator, at the election of the Designator. Notwithstanding anything
11 contained herein to the contrary, counsel shall be permitted to retain copies of all
12 court filings, transcripts, exhibits, correspondence, and work product containing or
13 reflecting confidential materials; provided, however, that they shall treat such
14 materials as confidential. Counsel shall certify in writing that all Confidential
15 Material and copies thereof have been handled in accordance with this paragraph.

## IV. GENERAL PROVISIONS

17     A.   The fact that plaintiff and defendant have entered into this Stipulated
18 Protective Order is not, and should not be construed as, a waiver by any party of
19 any privilege or objection to any particular discovery request.
20     B.   This Stipulated Protective Order shall not be construed to restrict or
21 limit the use, dissemination, or disposition by the Designator of its own information
22 that it designates as "CONFIDENTIAL -- RESTRICTED DISTRIBUTION."
23     C.   Nothing contained in this Stipulated Protective Order shall restrict or
24 limit any Party's right to present Confidential Material to a jury or a court during a
25 trial or other hearing in this Action, and the parties shall take reasonable steps to
26 maintain the confidentiality of such information at a hearing or at trial in such
27 manner as the Court may direct. The use of Confidential Material at trial shall be
28 governed by the pretrial order.

D. If any court or governmental agency subpoenas or orders the production of any Material designated hereunder as "CONFIDENTIAL – RESTRICTED DISTRIBUTION," the party receiving such subpoena or order shall, within ten (10) days of the receipt of such request and not less than ten (10) days prior to the production of any Confidential Material, notify the Designator of such subpoena or order. Nothing in this Stipulated Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

E. This Stipulated Protective Order shall not apply to information or tangible items obtained by means independent of production by a Party or Non-Party through discovery or other proceedings in this Action. The restrictions set forth in this Stipulated Protective Order shall not apply to information or tangible items which at or prior to disclosure in this action are or were within public knowledge, or which the Designator subsequently released into the public arena.

F. Neither this Stipulated Protective Order, production or disclosure of Material under this Stipulated Protective Order, nor designation or failure to designate Material under this Stipulated Protective Order, shall constitute a waiver of the right of the Designator to maintain the trade secret status or confidentiality of that Material in other contexts.

G. This Stipulated Protective Order may be modified or amended by agreement of the Parties hereto with the approval of the Court. To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Stipulated Protective Order in any respect.

H. This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Material.

I. This Stipulated Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order.

J. This Stipulated Protective Order will become effective when signed by the Parties and shall operate retroactively to the inception of this Action. Any material produced prior to the signing of this Stipulated Protective Order shall be treated as Confidential upon notification by opposing counsel.

Dated: 12/9/10

Honorable Charles F. Eick
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARRY ROSEN,<br><br>        Plaintiff,<br><br>v.<br><br>GLOBAL NET ACCESS, LLC, and DOES 1 through 10,<br><br>        Defendant. | Case No. 2:10cv02721-VBF-E<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

    I, _____, hereby acknowledge that I am about to receive information that is being supplied by one or more of the parties in the above-captioned case of *Rosen v. Global Net Access, LLC, et al.*, pending in the United States District Court for the Central District of California.

    I understand that the information is subject to the terms of a Stipulated Protective Order ("Protective Order").

    I hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order.

    I have been given a copy of said Protective Order, have read it, and agree to be bound by its terms.

    I understand that information and any documentary material covered by the Protective Order (which includes any notes or other record that I make of such material) shall not be disclosed to others, except those listed in paragraph III.B. of the Protective Order and under the terms set forth therein.

1   I hereby submit myself to the jurisdiction of the United States District Court
2   for the Central District of California for resolution of any matters pertaining to the
3   Stipulated Protective Order.
4
5   Signature: _____
6   Print Name: _____
7   Address: _____
8   _____
9   _____
10  Date: _____
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ACKNOWLEDGMENT OF PROTECTIVE ORDER                - 2 -
Case No. 2:10cv02721-VBF-E